THIRD DEPARTMENT, NOVEMBER, 1948.

(November 10, 1948.)

In the Matter of ROCHESTER GAS AND ELECTRIC CORPORATION, Appellant, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, Respondents.

MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court made at an Albany Special Term which dismissed appellant's petition for an order in the nature of prohibition sought for to restrain respondents from further proceedings with respect to certain matters and questions which petitioner contends were finally and conclusively determined by our decision and order

in the so-called " Water Rights " case in *Matter of Rochester Gas & Elec. Corp.* v. *Maltbie* (271 App. Div. 202).

The court at Special Term correctly interpreted the effect and intent of our decision in the aforesaid case wherein we annulled respondents' order which was there under review for the reasons stated in the opinions. Our decision there did not determine the cost or value of the water rights or what sums as reflecting either cost or value were properly allowable for capitalization. Those questions were necessarily and expressly left open for such determination as the respondents might in due course make in its pending case No. 9552.

Order affirmed, with $50 costs and disbursements to respondents.

HILL, P. J. (concurring). I concur to affirm upon the following theory:

Respondent [Public Service Commission] by its order of October, 1942, directed appellant to write off about four millions from its capital account upon the theory that such amount was the excess at which its water rights were valued over the original cost. Appellant was formed in 1904 by the merger of the assets of two corporations. This involved the conveyance of the assets to appellant, and the payment by the owners of one of the merging corporations of a comparatively small amount of cash. Stocks and other securities were issued. Respondent came into being in 1908 and shortly after promulgated rules and regulations concerning a uniform system of accounts. Thereunder the assets and book entries of petitioner were investigated at great length and in July, 1919, respondent directed certain changes and approved the capital entry which is now directed to be charged off. In 1938 by agreement an item in the capital account of appellant of over two million designated " Other Intangible Capital " was to be eliminated $200,000 a year. This has now been accomplished. No direction or requirement as to a write-off of the book entry as to water power was made, thus tacit approval was again given as to this item by respondent.

A requirement in the uniform system of accounts which directed that utility corporations rewrite their fixed capital accounts upon the basis of " original cost ", defined as " the actual money cost (or the current money value of any consideration other than money) of property at the time when it was first devoted to the public service, whether by the accounting company or by a predecessor public utility" is unconstitutional. (*Matter of New York Edison Co.* v. *Maltbie*, 271 N. Y. 103, 105, 112, second certified question.) The four million valuation has been carried upon the books of the company for forty-five years, with the approval of the Public Service Commission for more than thirty years. Securities have been issued, investments and contracts made by persons who had a right to rely upon these accounts. Since petitioner acquired these water rights, the development has increased from 18,000 to 54,000 horse power. These potentialities existed in 1904. The determination which respondent may now make should involve the comparison of present value of this item with the book entry. In connection therewith it may be permitted the respondent to take proof concerning the value, considering the potentialities, when acquired by appellant, as an aid in determining the present value. Rules of bookkeeping may not be used by respondent to force appellant, or any other utility, to make entries upon its books which conceal the actual value of the assets used and useful in the public service.

Heffernan, Brewster, Foster and Russell, JJ., concur; Hill, P. J., concurs in a statement.

Order affirmed, with $50 costs and disbursements to respondents. [See *post*, p. 953.]